IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

MICHAEL A. MAHONE            §

VS.                          §    CIVIL ACTION NO. 1:10cv693

JON ADDUCI, ET AL.           §

## MEMORANDUM OPINION

Michael A. Mahone, formerly an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled lawsuit.

## Discussion

The court previously entered an order granting plaintiff's application to proceed *in forma pauperis*. A copy of the order was sent to plaintiff at the United States Penitentiary at Beaumont, Texas, the address provided to the court by plaintiff. The copy of the order sent to plaintiff was returned to the court with a notation stating plaintiff was no longer at the address provided. Plaintiff has not provided the court with a new address.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for want of prosecution *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980). *See also McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The orderly and expeditious disposition of cases requires that if a litigant's

address changes, he has a duty to inform the court of the change. The United States Court of Appeals for the Fifth Circuit has said

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Shannon v. State of Louisiana*, 1988 WL 54768, No. 87-3951 (E.D. La. May 23, 1988) (quoting *Perkins v. King*, No. 84-3310 (5th Cir. May 19, 1985)); *see also Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (*per curiam*) (*pro se* plaintiff's case dismissed for failure to prosecute when he failed to keep the court apprised of his current address). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).

By failing to provide the court with a correct address, plaintiff has prevented the court from communicating with him and moving this case towards resolution. He has therefore failed to diligently prosecute this case. This matter should therefore be dismissed.

## Conclusion

For the reasons set forth above, this matter will be dismissed without prejudice for want of prosecution. A final judgment shall be entered in accordance with this memorandum opinion. If plaintiff wishes to have this case reinstated on the court's active docket, he may do so by providing the court with a current address within 60 days of the date set forth below.

**SIGNED** this the 3 day of **October, 2013.**

_____
Thad Heartfield
United States District Judge